joined us this morning Shuri vs. Sessions. Good morning. May it please the court my name is Saad Ahmed and I represent the petitioners who are seeking review of a decision by the Board of Immigration Appeals denying their fraud waiver applications on the ground that the lead petitioner in this case filed a frivolous asylum application. The issue before the short... Mr. Ahmad, the Supreme Court has said that a prevailing party need not need not cross petition to defend a judgment on any ground below so long as that party seeks to preserve and not change the judgment. Isn't that the end of the story for you? I mean how do you and we get around that? Well Your Honor, this was in the context of civil litigation. It was not in the context of an agency decision. Agencies are free to make their own rules with regard to procedures. But Your Honor, the bigger question here is not whether the government was the prevailing party here. The biggest I mean the bigger question here is that whether the immigration judge had the discretion and the authority not to make a frivolous finding in this case even when all the requirements of frivolousness were present. Does your client deny that she filed a frivolous claim or is this case only about the procedural problem? Your Honor, we are not denying, we are not we are not admitting that she filed a frivolous asylum application because that issue is not before this court. But yes, this case is about the procedural posture. We believe that on that ground this case should be remanded to the immigration judge to make a determination as to whether the petitioner qualified for the fraud waiver in the absence of the frivolous bar. Now Your Honor pointed out that Supreme Court has said that the prevailing party does not have to appeal or cross-appeal a that the agency is not required to rule on issues that are not dispositive to the decisions they reach and in this case the immigration judge denied the petitioner's fraud waiver applications and he exercises discretion under the law in not making a frivolous finding. Now frivolous finding is a very serious charge. If a person is found to have engaged in frivolous filing of an immigration benefit and based on the severity of this sanction we believe that the immigration judge had the discretion not to make such a finding. In addition to that, the government forfeited this issue by number one not appealing it and number two, none of the grounds for the agency was not required, I mean the BIA was not required to remand a case on this frivolous issue because the judge had already exercised his discretion and more importantly the agency's lack of analysis on this issue prevents this court from reaching any conclusion. One of the bedrock principles of administrative law is that an agency the decision can only be reviewed on grounds or affirmed on grounds based on the grounds relied on by the agency. In this case the IJ may have had the discretion or the discretionary authority not to consider the frivolous claim but he did eventually consider it nevertheless and when he did he concluded that the petitioner's initial asylum filing was in fact frivolous. You know he was frustrated because he didn't feel like it was necessary to make a ruling on the frivolous filing issue because he had already ordered the petitioners removed on the first issue. Your Honor, the thing is that the remand was not necessary or required because the judge has discretion under the statute and the regulation to exercise discretion at two points. The first point is whether to engage in a frivolous inquiry and number two, after the frivolous inquiry has begun when the fraud waiver he had already said that he would not address that issue because it was not necessary and secondly he exercised his discretion. Now the record compels the conclusion that if this if immigration judge fully understood his authority under the statute he would not have made this frivolous finding. In fact I can point to at least half a dozen instances in the record where the judge said that he was forced to make this decision even though he did not want to make that decision even after he rendered the decision the second time and making the frivolous finding the judge said to the petitioner that he was compelled to make that decision. I can point to the record where the judge said that. If you look at administrative record if you look at the administrative record 117 to 118 the judge said that under the circumstances and the sympathetic facts in this case he would not have made such a decision unless being compelled to do so. The fact here is it's about executive discretion. Congress gave the authority to the immigration judges ultimately to make this kind of a decision. They have the decision. I'm sorry your honor. I'm sorry your time is so short and I need an answer to this. The department says that the board did not address the fraud waiver issue in its final 2017 decision and that therefore that basis for denial is not before this court. What's your thought on that? Your honor I'm sorry I I didn't follow the last part of your question. I'm sorry in its brief the department said that the board didn't address the fraud waiver issue in that 2017 decision so that basis for denial is not before us. That's and that is correct we also. You agree? Yeah we agree with that that if this case is remanded the BIA should decide that in that issue in the first instance because this court cannot address issues in the first instance. I'm not sure how much time I have but if there are no questions I would reserve the rest of my time for rebuttal. Two minutes counsel. Judge Rovner can you see me okay? You're lovely. I see you perfect. Great. Good morning your honor. And Mr. Ahmed was lovely too. Let the record reflect. Good morning your honors. My name is Sarah Pergolese and I represent the US Attorney General. May it please the court. Your honors as Judge Rovner correctly pointed out this case is about the procedural posture that led the immigration judge to find that the petitioners filed a frivolous asylum application and that procedural posture was completely sound. You know I've got to get this in because I am absolutely flummoxed. I find this case very difficult. I do find the case difficult. But one thing flummoxes me about the remand. On remand the immigration judge conceded that the law had changed and that the board had now determined that a petitioner was eligible for a waiver of fraud if the fraud occurred at the time of her application for adjustment of status. Nevertheless he reinstated by reference his previous finding that Shoja Eddini was ineligible for for waiver. Can you please the immigration judge and I'm not exactly sure why he did that. He did make in his original application two findings about statutory eligibility for the fraud waiver. First that the aliens were first that there was an admission problem and that they couldn't apply for the fraud waiver which after matter of a gore was no longer seemed sound under precedent from the board. He also found that the aliens were otherwise inadmissible and then statutorily ineligible for a second reason. He might be incorporating that part of the decision. I'm not entirely sure. But at bottom the immigration judge on remand also decided to find for an additional dispositive reason that the petitioners were ineligible for the relief because they filed a frivolous asylum application. And that is the decision that is on review right now and that decision was sound. It was supported by the record and the petitioners concede that they're not challenging that they did file a frivolous application and are thus subject to the extreme consequences of those actions of that abuse of the bar to all relief in the statute. Now they could apply for withholding or protection under the Convention Against Torture. Those protections are in place by treaty and they're not foreclosed those protections. But they chose not to pursue any application for protection from Norway after being given an opportunity. I'm sorry. And they do it now. Uh, I am not sure, Your Honor, but I believe that those applications, there's no timeliness bar to a withholding application. Um, so they could, I believe, you know, a motion to reopen or remand cannot be granted unless there is new material evidence. That's a standard we rigidly hold petitioners to all of the time. On what basis could the department request a remand? Your Honor, the department's motion can also be seen. I'm sorry. Your Honor, the department's motion. Is that better? Oh, thank you. The department's motion is a motion to remand, but it's a motion to remand not based on a change or new facts, but a change in law. And their motion was also a withdrawal of their legal arguments that they made. And that withdrawal was sparked by a change in position, which they had the ability to make. Under the board's practice manual, a motion to remand while proceedings are pending before the board can be made at any time and are not subject to time and number requirements, nor are they subject to other requirements that we usually hold both parties to when it comes to those kinds of motions. Okay, go ahead. I'm sorry. I just wanted to make sure Judge Rupner had an opportunity to ask another question. Whatever she wanted if she wanted to. Okay. I'm sorry. It's a little awkward here. Your Honor, if there are no other questions about this case, I'd like to conclude. But first, I do want to make particularly as clear as I can what happened in this case, because it is a tad convoluted. In the immigration judge's first proceedings, he found that the petitioners were not statutorily eligible for the fraud waiver for two reasons. He did not reach, even though DHS, the Department of Homeland Security, raised a frivolousness challenge. He did not. He chose to decline to make that finding at first, probably as a judicious use of his resources, the limited judicial resources. He didn't have to make that finding because he found that they were also declined to make a finding affirmatively or negatively that they merited the waiver as a matter of discretion, which would have been another dispositive reason to find them ineligible for the waiver they sought. On appeal to the board, the aliens first raised that those statutory findings were incorrect. They challenged, they didn't challenge, they noted, excuse me, that the immigration judge did not make a frivolousness finding, but they didn't challenge that the immigration judge had to make a discretionary finding ultimately for the fraud waiver. And in essence, their argument now that the immigration judge couldn't go back on his decision not to make a frivolousness finding is an attempt to have their cake and eat it too, because they have never argued that the immigration judge, as they've appealed to the board, they've made the discretionary finding in the first instance when he found that other dispositive reasons precluded the aliens from the relief they sought. Now, on, excuse me, I'm sorry, I got a little sidetracked. During the briefing to the board, the DHS initially defended the immigration judge's legal findings about statutory eligibility. As the law began to change, the Department of Justice made a change in their litigation strategy and alerted the board promptly that they were withdrawing their defense of the immigration judge's legal conclusions about the fraud waiver. But they noted correctly that any finding about statutory eligibility would be premature because there were other ways that these aliens could be eligible for the relief they sought. And those were namely, as a matter of discretion wholly and a frivolousness finding. And the board clearly in its first order in 2014 took into account that there were, the outcome of this case was not clear and therefore any finding on eligibility would be premature. And so the board remanded so that the immigration judge could consider the frivolousness argument was unsuccessful so that the board could consider discretion in the first instance because that is another way that, another thing the alien must prove in order to be eligible for the waiver that she sought. The immigration judge, the board's order thus did not violate any sort of or usurp the immigration judge's discretion to make a frivolousness finding as the case was open-ended from 2014 and allowed the immigration judge to consider frivolousness but also to again decline to consider frivolousness. And therefore the alien's, the petitioner's arguments that somehow the immigration judge was hamstrung to find that they filed a frivolous application falls flat based on the text of that board's first order. Today all we have left is the fact that the immigration judge on remand decided in his discretion that the aliens abused the asylum system in a way that rendered them barred from any relief under the Immigration and Nationality Act. And that finding is supported by substantial evidence. So very long-windedly I would ask that the court deny this petition for review. Thank you. Thank you counsel. You have two minutes. Thank you your honors. Your honor, in short this case should be this case should be remanded to the immigration judge because number one the board's remand was improper and number two the BIA's failure to address the frivolousness issue that petitioners raised in opposing the government's motion to remand was never addressed by the board in any of the decision. That alone is a ground for a remand because the court cannot meaningfully review an agency decision when the agency does not make the record clear in the decision here. And your honor in this case we're not condoning what there's what the judge. This case is about executive discretion. This is a discretion that Congress has given the immigration judges to the Attorney General in not making frivolous findings as a matter of discretion. So the question is not whether they did something wrong the question is whether the immigration judge was required to make such a point. In this case clearly the record compels the conclusion that immigration judge felt that he was bound by the board's decision on remand to make a frivolous finding or at least analyze and then make a finding. Immigration judge made the same error as the immigration judge in the Second Circuit decision that we cited made where he felt that his hands were tied. We believe that if he had fully understood his own discretionary authority he would not have made that decision and the fact that even if he had made that decision at least this would not have hurt the petitioners in a way that they would be permanently ineligible for any immigration benefit. In light of their draconian consequences of filing a frivolous application we asked the court to remand this case to the board and then to the immigration judge to analyze this case for statutory eligibility and discretion. Thank you Your Honor. Thank you counsel. Again thanks to both counsel and we move to the final